

**ORDERED in the Southern District of Florida on May 13, 2019.**

**John K. Olson, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

                                          **CASE NO.: 17-17471-BKC-JKO**
                                          PROCEEDING UNDER CHAPTER 13

**IN RE:**

ENRIQUE LUIS RIU HERNANDEZ
XXX-XX-5775
GRACIELA DEL VAL
XXX-XX-6085

DEBTORS_____/

**ORDER GRANTING DEBTORS' MOTION TO MODIFY THE CHAPTER 13 PLAN**

    **THIS CAUSE** came before the Court on May 6, 2019 for confirmation of the Debtors' Third Modified Chapter 13 Plan. Based upon the record, it is

    **ORDERED:**

1. The Debtors' Third Modified Chapter 13 Plan (the "Plan") modified complies with the provisions of 11 U.S.C. Section 1325 and is confirmed.

2. Any claim entitled to priority under 11 U.S.C. Section 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. Section 1322(a)(2), with postpetition interest as required by 11 U.S.C. Section 506(b) payable on the secured portion of the claim.

3. The Debtors' first monthly payment to the Trustee under the originally filed Plan was required to commence not later than 30 days following June 15, 2017, the date the petition was filed, or within 30 days from the date of conversion to Chapter 13.

4. If the Modified Plan does not provide for payments to a secured creditor, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the debtor which secures the creditor's claim.

5. Any executory contract or unexpired lease of the Debtors' which has not been assumed pursuant to court order prior to entry of this Order, or which is not assumed in the Plan confirmed by this Order, is deemed rejected upon entry of this order.

6. If the Modified Plan provides for payment to holder(s) of tax certificates on property of the Debtors, the following provisions shall apply:

    a. To ensure that the records of the County Tax Collector credit amounts received by certificate holders, upon receipt of information pursuant to subparagraph B below, the Tax Collector is ordered to adjust the County tax records and reduce both the amount owed on tax certificates and the amount of the tax lien to reflect payments made by the Chapter 13 Trustee to certificate holders under the confirmed plan.

    b. The Tax Collector shall be served with any order entered post-confirmation which (a) dismisses or converts this case;  (b) grants stay relief to the holder of a secured claim on the property subject to the tax certificates;  (c) approves a sale or refinancing of the property subject to the tax certificates;  (d) modifies the plan to eliminate further payments to one or more certificate holders;  or (e) discharges the debtor(s) upon completion of the plan.  Upon receipt of any such order, the Tax Collector shall request a ledger from the Chapter 13 Trustee reflecting the amounts paid to certificate holders under the confirmed plan, or obtain the ledger information by accessing the Chapter 13 Trustee's website.

    c. During the period in which the certificate holders are receiving payments under the confirmed plan, unless otherwise ordered, the Tax Collector is enjoined from accepting a redemption payment for any certificate which is included in the plan.  This injunction will dissolve without further order of the court if (a) one of the orders described in subparagraph B is entered;  and (b) the County has complied with the requirements in subparagraph A by reducing both the amount owed on any certificate paid or partially paid under the Plan and the amount of the tax lien by the amount paid to the certificate holder as reflected in the Chapter 13 Trustee's ledger.

7. If the Debtors fail to timely make any Plan payments to the Trustee, the Trustee may serve a "Notice of Delinquency" upon the Debtors and the Debtors' attorney. The Debtors shall have 45 days from the date of the "Notice of Delinquency" to make all payments due under the Modified Plan, including any payments that become due within the 45-day period. A Debtor seeking to cure the delinquency in a subsequent modified plan must file a motion to modify the confirmed plan within 15 days of the date of the "Notice of Delinquency." If the Debtors are not current with plan payments on the 45th day after the date of the "Notice of Delinquency," the Trustee may file and serve a report of non-compliance and the case will be dismissed without further notice or hearing. Dismissal shall be with prejudice to the Debtors' filing of any new bankruptcy case in any federal bankruptcy court in the United States for a period of 180 days from entry of the order of dismissal. The Court will not extend these deadlines absent extraordinary circumstances.

8. To the extent the Modified Plan sought a determination of valuation pursuant to Bankruptcy Rule 3012, and no objections were filed or any objections were resolved, the terms of the Modified Plan will be binding upon the affected secured creditors, and any allowed Proof of Claim will be secured only to the extent of the value as provided for in the Modified Plan and unsecured as to the balance of the claim.

###

**ORDER SUBMITTED BY:**

ROBIN R. WEINER, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 559007
FORT LAUDERDALE, FL 33355-9007
954-382-2001

**COPIES FURNISHED TO:**

**DEBTORS**
ENRIQUE LUIS RIU HERNANDEZ
GRACIELA DEL VAL
12520 SW 15TH MANOR
FORT LAUDERDALE, FL 33325

**ATTORNEY FOR DEBTORS**
MERCY SALADRIGAS, ESQUIRE
2655 SOUTH LE JEUNE RD, PH 2A
CORAL GABLES, FL 33134

**ROBIN R. WEINER** IS DIRECTED TO SERVE COPIES OF THIS ORDER UPON THE PARTIES LISTED AND FILE A CERTIFICATE OF SERVICE.